# United States District Court
# Eastern District of California

| | |
|---|---|
| CHAN SAETEURN, | 08-CV-2043 TJH |
| Petitioner, | |
| v. | Order |
| WARDEN DERAL G. ADAMS, | JS-6 |
| Respondent. | |

In 2002, police found a young man lying dead in a front yard. Witnesses said someone in a black Acura shot the man. Later, a passenger in that Acura claimed that the car's driver, Chan Saeteurn ("Petitioner"), shot the victim. Petitioner was eventually arrested at his brother's home.

Petitioner pled not guilty to premeditated murder and several enhancements. Later, Petitioner pled no contest to second degree murder and a single enhancement. In exchange, the prosecution stipulated to a prison sentence of twenty-five years to life – Petitioner had faced a possible prison sentence of fifty-years to life. At the change of plea hearing, the trial court advised Petitioner that he would be subject to up to five years of parole upon release from prison.

Subsequently, Petitioner moved to withdraw his no contest plea, and reinstate his not guilty plea. Petitioner claimed his no contest plea was an emotional response to his father's warning that pleading not guilty would place their family in danger, which Petitioner understood to mean that his brother would be prosecuted for harboring a felon. At the hearing on the motion to withdraw the plea, the prosecutor declared that he never intended to prosecute Petitioner's brother, and Petitioner's father explained that he had fabricated the claim that pleading not guilty would endanger their family. The trial court denied Petitioner's plea withdrawal motion.

At the sentencing hearing, before the imposition of the sentence, the trial court advised Petitioner that he would be subject to lifetime parole. As there was no objection, the trial court proceeded to sentence Petitioner to twenty-five years to life in prison and lifetime parole.

Petitioner, now, seeks a writ of *habeas corpus*, claiming that his no contest plea was entered involuntarily and unknowingly because the plea was entered out of fear for his brother, and his plea was based upon the belief that Petitioner's parole supervision would last only a few years. As California courts have already denied Petitioner's claims on their merits, this Court cannot grant Petitioner relief unless prior state court adjudication resulted in a decision which was incorrect in light of federal law clearly established by the Supreme Court. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624, 640 (2011).

Pleas entered involuntarily or unknowingly are constitutionally void. *Brady v. United States*, 397 U.S. 742, 747, 90 S. Ct. 1463, 1468, 25 L. Ed. 2d 747, 756 (1970). However, "the desire to help a friend or loved one, and the accompanying psychological and emotional pressure, does not render a guilty plea involuntary." *Zaragoza v. Stainer*, 77 F.3d 491 (9th Cir. 1996). Further, the evidence is clear that the prosecutor never threatened to prosecute Petitioner's brother. Thus, Petitioner's

1  first claim must fail.

2  As for Petitioner's second claim, the Supreme Court has held that a defendant must know the direct consequences of his plea. *Brady*, 397 U.S. at 755. In *Carter v. McCarthy*, 806 F.2d 1373, 1376 (9th Cir. 1986), the Ninth Circuit held that parole length is a direct consequence of pleas in certain cases. However, there is no clearly established Supreme Court precedent confirming the holding in *Carter*. *See Egwuatu v. Madding*, 168 F.3d 498 (9th Cir. 1999). Therefore, even assuming that Petitioner was unaware of his parole length until after the imposition of his sentence, his no contest plea would not have been legally invalid under existing Supreme Court precedent. Moreover, the record is clear that Petitioner was advised by the trial court before the imposition of the sentence that Petitioner faced lifetime parole.

It is Ordered that the petition be, and hereby is, Denied.

Date:   September 4, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge